RECEIPT __75 328__
AMOUNT $ __350·00__
SUMMONS ISSUED __✓__
LOCAL RULE 4.1 __✓__
WAIVER FORM __—__
MCF ISSUED __—__
BY DPTY. CLK __J. Ramos__
DATE __9/28/2006__

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
CLERKS OFFICE

2006 SEP 28  P 2: 53

U.S. DISTRICT COURT
DISTRICT OF MASS

CAROL McNEIL,                          )
on behalf of herself and all others    )
similarly situated,                    )
                          Plaintiff     )     **06 CA 1 1 7 5 4 RGS**
                                        )
v.                                      )     Civil Action No.
                                        )
                                        )
                                        )
FIDELITY INFORMATION CORPORATION,       )
                          Defendant     )     MAGISTRATE JUDGE _Collings_

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff Carol McNeil brings this action as a result of conduct engaged in by

defendant in attempting to collect an alleged consumer debt, which conduct violated the

Fair Debt Collection Practices Act ("FDCPA"). Plaintiff asserts both individual and class

claims for relief.

### Parties

1. Plaintiff Carol McNeil ("McNeil", or "plaintiff") is an individual who at all times

relevant to this complaint has resided in Weymouth, Norfolk County, Massachusetts.

2. Defendant Fidelity Information Corporation ("Fidelity" or "defendant") is on

information and belief a business corporation having a principal place of business in

Pacific Palisades, California.

## **Jurisdiction**

3. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## **Statement of Facts**

5. Defendant is a "debt collector" within the scope of 15 U.S.C. §1692a(6) in that it uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of any consumer debts, and/or regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another.

6. In or about January, 2006, plaintiff ordered an eyesight improvement product called the "See Clearly Method," which was marketed by a company known as Vision Improvement Technologies, Inc. ("VIT"). Plaintiff believed she had paid for the product in full at the time of the order, but VIT subsequently claimed this was not the case. In addition, plaintiff believed that the product as shipped to her lacked the user manual. On the basis of the foregoing, plaintiff refused to make any additional payments to VIT.

7. Plaintiff received a letter from defendant dated April 3, 2006. The letter: (i) it asserted that "See Clearly Method was unable to process your last payment" even though plaintiff never made, or attempted to make, another payment; and (ii) the validation notice set forth in the letter violated 15 U.S.C. §1692g(a) by specifying that any dispute to the debt be made in writing.

2

8. Plaintiff received a second letter from defendant dated April 5, 2006. This letter asserted erroneously that "See Clearly Method was unable to process your last payment." and contained the improper dispute language described above.

9. Plaintiff received another letter from defendant dated April 17, 2006. This letter stated falsely : "This will be our last attempt to contact you before sending your outstanding balance into collection . . . "

10. Plaintiff received another letter from defendant dated May 2, 2006. This letter contained the same unlawful dispute language as the first two letters. It also reflected the assessment of interest in the amount of $2.68 to plaintiff's account despite the fact that plaintiff never agreed, either orally or in writing, to be responsible for any interest charges related to late or unmade payments.

11. Plaintiff received another letter from defendant dated May 8, 2006. This letter contained the improper dispute language and reflected the assessment of additional interest.

12. On May 10, 2006, Attorney Kathryn Harlow sent defendant a letter of representation on behalf of plaintiff. The letter specifically requested that defendant no longer contact plaintiff, stated that plaintiff disputed the debt, and requested verification of same.

13. Contrary to the language in defendant's April 17 letter, and contrary to Attorney Harlow's letter of representation, plaintiff received another letter from defendant dated May 16, 2006. The letter reflected the unlawful assessment of additional interest.

3

14. A letter from defendant dated May 18, 2006 was sent to plaintiff at Attorney Harlow's address. This letter reflected the unlawful assessment of additional interest to plaintiff's account.

15. Attorney Harlow sent a second letter to defendant on May 23, 2006 which reiterated plaintiff's dispute of the claim and requested additional documents pertaining to plaintiff's account.

16. Plaintiff received another letter from defendant dated June 5, 2006. This letter reflected the unlawful assessment of additional interest and contained the following statement: "We have reported this debt to all major credit reporting agencies." In fact, at the time this letter was sent no such action had been taken, and – on information and belief – no such action has been taken through the present date.

17. On August 25, 2006, a representative of defendant called plaintiff at home. The representative stated that the purpose of the call was to collect money owed to the "See Clearly Method." Plaintiff explained that she was represented by counsel, and the call ended.

18. At all times from April 3, 2006 through August 25, 2006 defendant was a "debt collector" as defined by Massachusetts law, and was attempting to collect an alleged debt obtained primarily for personal, family, or household purposes. As such, defendant was required to be licensed under G.L. c. 93, §24A, but was not.

## COUNT II

### (Violations of 15 U.S.C. §1692c)

25. The allegations of paragraphs 1 – 24, above, are incorporated by reference as if fully set forth.

26. The conduct of defendant in sending the letters of April 17, 2006 and June 5, 2006 to plaintiff despite having been informed of legal representation by Attorney Harlow violated 15 U.S.C. §§1692c(a)(2) and (c)(1).

27. The conduct of defendant in calling plaintiff on or about August 25, 2006 violated 15 U.S.C. §§1692c(a)(2) and (c)(1).

28. As results of the above-described conduct, plaintiff suffered distress, anxiety, and confusion.

WHEREFORE plaintiff prays that this Honorable Court enter judgment: awarding her actual damages, statutory damages, interest, costs, and attorney's fees, all as provided by law.

## Class Action Claims

## COUNT III

### (Violation of 15 U.S.C. §1692g)

29. The allegations of paragraphs 1 – 18 are incorporated herein as if fully set forth.

30. The language in defendant's letters specifying that any dispute of the debt be made in writing violates 15 U.S.C. §1692g(a)(3).

## Class Action Allegations

31. Plaintiff brings Count III on behalf of herself and a class of persons similarly situated. The class consists of all Massachusetts residents who, within one year of the

6

filing of this complaint, were sent a collection letter by defendant regarding any alleged consumer debt which specified that a dispute of the debt be made in writing, and was not returned to sender. Excluded from the class are present and former officers, directors, employees, and agents of defendant and VIT.

32. On information and belief, defendant assessed interest to the accounts of most or all "See Clearly Method" debtors, which is believed to number in the thousands. Accordingly, the class is likely to be sufficiently numerous such that joinder is impracticable.

33. There are issues of law and fact common to class members, which issues predominate over any individual questions. The primary common issues are whether defendant is a debt collector as defined by the FDCPA, and whether the language in question is unlawful under the FDCPA. Plaintiff is not aware of any issues particular to individual class members which would render class certification inappropriate.

34. The plaintiff's claim is typical of – indeed, is identical to - the claims of class members.

35. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to a complete and thorough resolution of this matter, and has carefully selected counsel experienced in consumer and class action litigation. Neither plaintiff nor counsel is aware of any conflict or other factor which would interfere with the effective prosecution of this litigation.

36. A class action is a superior method of resolving this controversy.

7

WHEREFORE, plaintiff prays for a judgment against defendant on behalf of herself and class members: (a) awarding them statutory damages; (b) awarding costs and reasonable counsel fees; and (c) awarding such further relief as shall be just and proper.

WHEREFORE plaintiff prays that this Honorable Court enter judgment awarding her statutory damages, interest, costs, and attorney's fees, all as provided by law.

## COUNT IV

## (Violation of 15 U.S.C. §1692e and §1692f))

37.  The allegations of paragraphs 1 – 18 are incorporated herein as if fully set forth.

38.  Defendant's assessment of interest charges to plaintiff's account, and defendant's attempted collection and collection of same, constitute violations of 15 U.S.C. §1692e(2)(A) and 15 U.S.C. §1692f(1).

## Class Action Allegations

39.  Plaintiff brings Count IV on behalf of herself and a class of persons similarly situated.  The class consists of all persons who, within one year of the filing of this complaint, were sent a collection letter by defendant regarding a debt allegedly due as a result of purchasing the "See Clearly Method," which letter reflected the assessment of interest and was not returned to sender.  Excluded from the class are present and former officers, directors, employees, and agents of defendant and VIT.

40.  On information and belief, defendant assessed interest to the accounts of most or all "See Clearly Method" debtors, which is believed to number in the thousands. Accordingly, the class is likely to be sufficiently numerous such that joinder is impracticable.

8

41. There are issues of law and fact common to class members, which issues predominate over any individual questions. The primary common issues are whether in ordering the "See Clearly Method" class members agreed to pay interest in the event of a late or missed payment, whether defendant is a debt collector as defined by the FDCPA, and whether the conduct in question is unlawful under the FDCPA. Plaintiff is not aware of any issues particular to individual class members which would render class certification inappropriate.

42. The plaintiff's claim is typical of – indeed, is identical to - the claims of class members.

43. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to a complete and thorough resolution of this matter, and has carefully selected counsel experienced in consumer and class action litigation. Neither plaintiff nor counsel is aware of any conflict or other factor which would interfere with the effective prosecution of this litigation.

44. A class action is a superior method of resolving this controversy.

WHEREFORE, plaintiff prays for a judgment against defendant on behalf of herself and class members: (a) awarding them actual damages; (b) awarding them statutory damages; (c) awarding costs and reasonable counsel fees; and (d) awarding such further relief as shall be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests trial by jury on all claims.

CAROL McNEIL,
Plaintiff
By her attorney:

Kenneth D. Quat
BBO #408640
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
ken@quatlaw.com

10